**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANGELA PURDY,**

Case Number: _____

*Plaintiff*,

v.

**LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP,
and
JOHN KELLY BURNETTE,**

*Defendants*.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ANGELA PURDY, ("**Ms. Purdy**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, **LINEBARGER GOGGAN BLAIR & SAMPSON, LLP ("Linebarger")** and **JOHN KELLY BURNETTE ("Burnette")** (together, "**the Defendants**") and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Ms. Purdy against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the Florida Consumer Collection Practices Act, section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**")

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and the FCCPA, section 559.77(1), Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA and FCCPA and are subject to the jurisdiction of this Court pursuant to 28 U.S.C § 1331. Supplemental jurisdiction arises for state law claims under 28 U.S.C. § 1367.

4. Venue is proper in the Middle District of Florida, because the acts complained of were committed and / or caused by the Defendants therein and all parties reside or do business in this District. 28 U.S.C. §§ 1391(b) and (d).

## PARTIES

5. Ms. Purdy is a natural person residing in Polk County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and section 559.55(8), Florida Statutes.

6. Linebarger is a Texas limited liability partnership with a business address of 2700 Via Fortuna, Suite 400, Austin, TX 78746.

7. Linebarger has an office at 8130 Baymeadows Circle West, Suite 203, Jacksonville, FL 32256, from which its "Partner," Burnette, works. **SEE PLAINITFF'S EXHIBIT A.**

8. Despite its Florida office, and the fact that it conducts significant business within the State of Florida, Linebarger is not registered as a foreign entity within the State of Florida.

9. Both of the Defendants are debt collectors within the meaning of 15 U.S.C. § 1692a(6) and section 559.55(7), Florida Statues, in that they regularly attempt to collect consumer debts originally due to another entity.

10. Linebarger is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency ("**CCA**") and holds license number CCA0900452.

## FACTUAL ALLEGATIONS

11. Ms. Purdy allegedly incurred a debt to an original creditor, Tampa-Hillsborough County Expressway Authority ("**THEA**"), related to the use of a toll-required expressway in Hillsborough County, specifically, the Lee Roy Selmon Expressway, also known as State Road 618 ("**Selmon Expressway**").

12. The alleged debt was incurred when Ms. Purdy drove her car on the Selmon Expressway, entering through a lane marked "Toll-By-Plate."

13. The signage placed by THEA, which is clearly and conspicuously posted, at all entry points to the Selmon Expressway, offers an option for payment by SunPass (a pre-paid toll transponder) or the option to be billed by mail for the toll. The signs state, "WE WILL BILL YOU." **SEE PLAINITFF'S EXHIBIT B**.

14. By driving on the Selmon Expressway without a transponder, Ms. Purdy voluntarily entered into a credit transaction, specifically, a payment agreement by which THEA extended her credit and payment terms per THEA's posted signs.

15. Use of the Selmon Expressway by drivers is entirely optional as non-toll alternatives exist.

16. Ms. Purdy drove her vehicle on the Selmon Expressway for personal, and not employment, reasons.

17. Because the debt was personal, it meets the definition of "debt" within the meaning of 15 U.S.C. § 1692a(5) and 559.55(6), Florida Statutes, making both the FDCPA and FCCPA applicable to this action.

18. On or about December 10, 2014, the Defendants mailed Ms. Purdy a collection letter ("**Letter**"), which stated that she owed THEA $21.33. **SEE PLAINITFF'S EXHIBIT C.**

19. The Letter was the *initial communication* from the Defendants to Ms. Purdy.

20. The Letter was on legal letterhead and bore a facsimile signature of Burnette, underneath the title "attorney-at-law."

21. The Letter did not disclose that the communication was from a debt collector or that any information obtained would be used for the purpose of debt collection.

22. The Letter also failed to disclose Ms. Purdy's rights pursuant to the FDCPA, as required by 15 U.S.C. 1692g(a), including, but not limited to, the right to dispute the debt, the right to request verification of the debt, and that the debt collector will assume the debt is valid if it is not disputed within 30 days of receipt of the letter.

23. The Letter is a "form letter," meaning that it is routinely sent to many consumers with contact information and amounts changed, but the substance of the letter remaining substantially the same.

24. The Letter did not disclose whether any attorney with the law firm had reviewed the particular circumstances of the case and / or that the law firm was working solely in the capacity of debt collector.

25. A collection letter, printed on legal letterhead, bearing the signature of an attorney is likely to cause an unsophisticated consumer to conclude that the communication was from an attorney and that said attorney had meaningfully reviewed the information contained therein.

26. The Letter also threatened dire consequences for non-payment, e.g., suspension of the ability to renew a motor vehicle registration or to register any motor vehicle, and an additional $15 penalty if not paid by January 8, 2015.

27. The Defendants sought to leverage their status as a law firm to wrench payment from Ms. Purdy and were fully aware that their Letter, "signed" by an attorney and on legal letterhead, would create a heightened sense of urgency and fear, and was calculated to increase the percentage of alleged debtors who would pay without further follow-up.

28. Receiving such a letter, lacking any notice of a right to dispute, and threatening to suspend the consumer's ability to register her car, an unsophisticated consumer would feel

compelled to pay an otherwise disputed debt of $21 to avoid litigation and the other dire consequences indicated in the Letter.

29. On information and belief, Burnette reviewed and authorized the content of the Letter which bore his signature.

30. The Letter, which related information regarding an alleged debt, was a "communication" as defined by 15 U.S.C. § 1692a(2) and section 559.55(2), Florida Statutes..

31. Ms. Purdy has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

32. Ms. Purdy adopts and incorporates paragraphs 1 – 31 as if fully stated herein.

33. The Defendants' conduct violated 15 U.S.C. § **1692e and 1692f** in that the Defendants intentionally used unfair, deceptive and unconscionable means to collect a debt when it sent a letter which failed to disclose the communication was from a debt collector, that any information would be obtained for that purpose, and that the consumer had the right to dispute the debt and demand verification of the debt.

34. The Defendants' conduct violated 15 U.S.C. **§ 1692e(2)(a)** and **1692e(10)** in that the Defendants made false representation about the character, amount, or legal status of a debt when it failed to disclose that the debt could be legally disputed, which, combined with the imputed authority of the communication apparently coming from an attorney on legal letterhead and representing a public entity, had the tendency to suggest that the alleged debt was not disputable.

35. The Defendants' conduct violated 15 U.S.C. **§ 1692e(11)** in that the Defendants sent written communication attempting to collect a debt, but failed to disclose the communication was from a debt collector.

36. The Defendants' conduct violated 15 U.S.C. § **1692g(a)** in that the Defendants failed to state in its initial written communication, or within the time period thereafter allowed under §1692g(a), a statement of Ms. Purdy's rights to dispute the debt, request validation of the debt, and that the debt collector would assume the debt to be valid if not disputed within 30 days of receipt of the letter.

37. The Defendants' conduct violated 15 U.S.C. § **1692j** in that the Defendants falsely implied the substantive involvement of an attorney in the collection of a debt when the attorney's actual involvement was trivial.

38. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA, and Ms. Purdy is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Ms. Purdy respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, for:

   a. Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   **c.** Such other relief that this Court deems just and proper.

## COUNT II
### VIOLATIONS OF THE FCCPA- section 559.55, Florida Statutes, *et. seq*.

39. Ms. Purdy adopts and incorporates the above-numbered paragraphs 1 – 31 as if fully stated herein.

40. The Defendants are skilled attorneys whose practice involves significant debt collection work.

41. The Defendants are aware of the requirements of the FDCPA and other consumer-protection statutes.

42. Nevertheless, the Defendants employed a form letter which intentionally withheld legally required disclosures, such as the right to request debt verification, while leveraging their status as a law firm through the use of their letterhead to suggest that litigation was imminent.

43. The Defendants' conduct violated section **559.72(9)**, Florida Statutes, in that they asserted, by virtue of their Letter, that they had the legal right to collect a debt using misleading and deceptive tactics and without legally-required disclosures, when the Defendants knew federal law prohibits this action.

44. The Defendants' conduct violated section **559.72(11)**, Florida Statutes, in that they communicated under the guise of a law office, despite the fact they were acting only as debt collectors and not in any legal capacity, and the Defendants knew their letter was written in such a way as to create the impression the debt they were collecting was a legal matter being handled by their firm.

45. The Defendants actions were intentional as they knew how their letter would be received and intentionally drafted it for that purpose.

46. As a result of the foregoing violations, the Defendants are liable under the FCCPA for statutory damages of up to $1,000.

**WHEREFORE,** Ms. Purdy respectfully requests that this Honorable Court enter judgment against the Defendants, jointly and severally, for:

a. Statutory damages of $**1,000** pursuant to section 559.77(2), Florida Statutes;

    b.      Reasonable costs and attorneys' fees pursuant to section 559.77(2), Florida Statutes; and

    c.      Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Purdy respectfully requests a jury trial on all issues so triable.

Respectfully submitted this 10th day of February, 2015, by:

                                    /s/ Christina Cowart  
                                  Christina Cowart  
                                  Florida Bar #:27644  
                                  Seraph Legal, P. A.  
                                  2002 E. 5th Ave., Suite 104  
                                  Tampa, FL 33605  
                                  (813) 567-1230  
                                  CCowart@SeraphLegal.com  
                                  Attorney for Plaintiff

# EXHIBIT A
## Linebarger Website

1/30/2015     Jacksonville, Florida Office | Linebarger Goggan Blair & Sampson, LLP



**Linebarger Goggan Blair & Sampson, LLP**
ATTORNEYS AT LAW

CONTACT US    CLIENT LOGIN

SEARCH

HOME   ABOUT US   OUR SERVICES   PROPERTY TAX SALES   PAYMENT CENTER   OUR ATTORNEYS   NEWS   CONTACT US

HOME > JACKSONVILLE, FLORIDA OFFICE

Select an attorney    Select a location

PAYMENT CENTER

### Jacksonville, Florida Office

8130 Baymeadows Circle W.
Suite 203
Jacksonville, FL 32256
p: 904.448.2800
f: 904.448.2807

### J. Kelly Burnette, Partner

J. Kelly Burnette, admitted to bar, 1993, Florida; also admitted to practice before U.S. District Court, Middle District of Florida. Preparatory education, Liberty University (B.S., Business Administration, 1988); legal education, Stetson University College of Law (J.D., 1991); University of Miami School of Law (LL.M, Taxation, 1993). Fraternity: Phi Delta Phi. Stetson Law Review.

### Our Services:

**Collections**

Linebarger Goggan collects a wide array of receivable types for our government clients, but is primarily focused upon the following account types:

- Taxes
- Traffic Citations
- Parking Tickets
- Tolls

**Other Services**

- Homestead Exemption Audits
- Property Tax Collection Software
- Property Value Study Appeals for Texas School Districts



BBB Rating: A+ as of 1/30/2015 Click for Review

HOME   ABOUT US   OUR SERVICES   PROPERTY TAX SALES   PAYMENT CENTER   OUR ATTORNEYS   NEWS   CONTACT US
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP © 2015 • DISCLAIMER • PRIVACY POLICY • SITEMAP
FIRM'S PRINCIPAL OFFICE: AUSTIN, TEXAS

http://www.lgbs.com/location/jacksonville-florida-office/     1/1

# EXHIBIT B
## Highway Sign



# EXHIBIT C
## Linebarger Letter

**Linebarger Goggan Blair & Sampson, LLP**
ATTORNEYS AT LAW
P.O. Box 56107
Jacksonville, FL 32241
1(877) 258-5205 Toll Free
1(855) 650-5840 Fax

J. Kelly Burnette, Partner
Licensed by Florida Bar

DECEMBER 10, 2014

53576515

ANGELA M PURDY
Redacted
MULBERRY FL 33860-4509

Debtor: ANGELA M PURDY
Vehicle License Plate: J827MG, FL
Account #: 10393437
Amount Due to TAMPA-HILLSBOROUGH EXPRESSWAY AUTHORITY:
$21.33 as of DECEMBER 10, 2014
Payment Due Date: JANUARY 08, 2015

### NOTICE OF UNPAID TOLL VIOLATIONS

Dear ANGELA M PURDY:

Tampa-Hillsborough County Expressway Authority (THEA) has retained our firm for the collection of toll violations and related fees and costs. THEA records show that you have failed to pay past tolls incurred by your vehicle on the Lee Roy Selmon Expressway (State Road 618). Pursuant to Florida law, as the registered owner of the vehicle, you are responsible and owe the amount shown above for the unpaid toll violations and related fees.

Your ability to register any of your vehicles in the State of Florida may be suspended. To avoid suspension on your vehicle's registration process, you must resolve these charges. Under Florida law, a person who has one or more violations can be reported by THEA to the Department of Highway Safety and Motor Vehicles and any vehicle registered in that person's name will not be issued a license plate or revalidation sticker.

Payment relating to this account may be made by forwarding funds, along with the detachable identification coupon at the bottom of this page, in the enclosed response envelope. Payment must be in the form of a cashier's check, money order or personal check made payable to THEA-LGBS. You may also make payment by credit card at **www.THEA-Tolls.com** and use **Client Code FLSTTHEA2** and **Online Payment Number 53576515**. You may also pay by credit card by calling 1(877) 258-5205.

Payment is due by JANUARY 08, 2015. If payment is not received by the due date, an additional service fee of $15.00 will be assessed by THEA.

Sincerely,

J. Kelly Burnette
Attorney at Law

---

PLEASE COMPLETE AND DETACH THE REPLY FORM BELOW AND RETURN IN THE ENVELOPE PROVIDED

---

Linebarger Goggan Blair & Sampson, LLP
PO Box 659443
San Antonio, TX 78265

Vehicle License Plate: J827MG, FL
Account #: 10393437
Reference #: 53576515

Payment should be in the form of a cashier's check, money order or personal check made payable to: THEA-LGBS.

#BWNKBYR
#T0000535765152#
ANGELA M PURDY
Redacted
MULBERRY FL 33860-4509

LGBS, LLP
CLIENT #: FLSTTHEA2
PO BOX 702118
SAN ANTONIO TX 78270